**PRIORITY SEND**
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   EDCV 11-01912VAP (JCx)          Date:  December 14, 2011

Title:      YOLANDA JONES -v- WELLS FARGO BANK, N.A., et. al.
===============================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
| --- | --- |
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
| --- | --- |
| None | None |

PROCEEDINGS:    MINUTE ORDER REMANDING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION (IN CHAMBERS)

     On November 1, 2011, Plaintiff Yolanda Jones filed the instant action in the California Superior Court for the County of San Bernardino, alleging Defendants Well Fargo Bank, N.A., and First American Trustee Servicing Solutions, LLC ("First American"), committed various torts in issuing, and then attempting to foreclose, a mortgage loan on Jones's property.  (See Ex. 1 to Not. of Removal (Doc. No. 1).)  On November 30, First American filed a Declaration of Non-Monetary Status in superior court.  (See Ex. 4 to Not. of Removal.)  On December 2, Defendants filed a Notice of Removal premised on the parties' complete diversity, as the only non-diverse party, First American, allegedly became a non-entity for the purpose of determining diversity when it filed its Declaration of Non-Monetary Status.  See Silva v. Wells Fargo Bank NA, No. CV 11-3200 GAF (JCGx), 2011 WL 2437514, at *4


EDCV 11- 01912 VAP (JCx)
YOLANDA JONES v. WELLS FARGO BANK, N.A., et. al.
MINUTE ORDER of December 14, 2011

(C.D. Cal. June 16, 2011). Problematically for the removing Defendants, as discussed below, First American did not yet have non-monetary status at the time of removal. Without non-monetary status, First American was a non-diverse Defendant. If First American was non-diverse, this Court lacked subject-matter jurisdiction at the time of removal. Without subject-matter jurisdiction, Defendants could not remove the action to this Court.

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

Defendants removed this action based on the Court's diversity jurisdiction. Diversity jurisdiction exists when no plaintiff resides in the same state as any defendant (the complete diversity rule), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Ninth Circuit recognizes an exception to the complete diversity rule, however, and allows the exercise of diversity jurisdiction over a case in which a non-diverse party is merely a "nominal or formal party who ha[s] no interest in the action . . . ." Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000). Courts in this district have recognized that a party's successful declaration of non-monetary status, under California Civil Code § 2924l, is sufficient to render that party a mere "nominal or formal party" for the purpose of establishing diversity jurisdiction. See Silva, 2011 WL 2437514, at *4 (listing cases).

But a party declaring non-monetary status does not actually have non-

**EDCV 11- 01912 VAP (JCx)**
**YOLANDA JONES v. WELLS FARGO BANK, N.A., et. al.**
**MINUTE ORDER of December 14, 2011**

monetary status until 15 days have passed from the filing of its declaration.  Silva, 2011 WL 2437514, at *4 (citing Sun v. Bank of Am. Corp., No. 10-0004, 2010 WL 454720, at *2 (C.D. Cal. Feb. 8, 2010)).  Defendants removed this case only two days after First American, a California corporation, filed its Declaration of Non-Monetary Status in superior court.  To remove the case to this Court successfully, Defendants bear the burden of showing diversity existed at the time of removal. Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131 (9th Cir. 2002).  Since First American could not have attained non-monetary status until 15 days later, its presence in this action means that complete diversity did not exist when Defendants removed the case to this Court.  Accordingly, on its own motion, the Court REMANDS this action to the California Superior Court for the County of San Bernardino.

    **IT IS SO ORDERED.**